UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

STEVEN P. D'ANGELO, STEVELINE, INC., SPG
SHERIDAN GROUP LLC, and LAWRENCE RUBIN,

       *Plaintiffs*,

    -against-

ARTHUR D'ANNUNZIO, JEWELRY DESIGNER
SHOWCASE, INC., PPAD INC. & ASSOCIATES,
PAUL JOSEPH DEVITO, DEVITO & DEVITO, P.C.,
SEAN WILLIAMS, WILLIAMS & FOSTER
CONSULTING GROUP, LLC and DAVID
ROSENBLUM,

       *Defendants*.

No. 2:23-cv-01322-GRB-
ARL

**REPLY TO
COUNTERCLAIMS**

    Plaintiffs Steven P. D'Angelo ("D'Angelo"), Steveline, Inc. ("Steveline"), SPG Sheridan

Group LLC ("SPG") and Lawrence Rubin ("Rubin") (collectively "Plaintiffs") through their

attorneys, Cermele & Wood LLP, as and for their reply to the counterclaims filed on April 11, 2023

(the "Counterclaims") of Defendants Arthur D'Annunzio ("D'Annunzio"), Jewelry Designer

Showcase, Inc. ("JDS"), PPAD Inc. & Associates ("PPAD"), Paul Joseph DeVito ("DeVito"),

DeVito & DeVito, P.C. ("D&D"), Sean Williams ("Williams"), Williams & Foster Consulting

Group, LLC ("WFCG") and David Rosenblum ("Rosenblum") (collectively "Defendants"), allege

as follows:

**PARTIES**

    1.  The Plaintiffs deny having knowledge or information sufficient to form a belief as to

the truth or falsity of the allegations contained in paragraph 1 of the Counterclaims.

## JURISDICTION AND VENUE

2.      The allegations contained in paragraph 2 of the Counterclaims constitute legal conclusions as to which no response is required.  To the extent a response is required, the Plaintiffs deny the allegations contained in paragraph 2.

3.      The allegations contained in paragraph 3 of the Counterclaims constitute legal conclusions as to which no response is required.  To the extent a response is required, the Plaintiffs deny the allegations contained in paragraph 3.

4.      The allegations contained in paragraph 4 of the Counterclaims constitute legal conclusions as to which no response is required.  To the extent a response is required, the Plaintiffs deny the allegations contained in paragraph 4.

## DEFENDANTS' ALLEGED FACTS

5.      The Plaintiffs deny the allegations contained in paragraph 5 of the Counterclaims except admit that they are shareholders in JDS.

6.      The Plaintiffs admit on information and belief the allegations contained in paragraph 6 of the Counterclaims.

7.      The Plaintiffs admit on information and belief the allegations contained in paragraph 7 of the Counterclaims.

8.      The Plaintiffs admit that D'Angelo and Rubin are friends, but otherwise deny the allegations contained in paragraph 8 of the Counterclaims.

9.      The Plaintiffs deny the allegations contained in paragraph 9 of the Counterclaims.

10.     The Plaintiffs deny the allegations contained in paragraph 10 of the Counterclaims.

11.      The Plaintiffs deny the allegations contained in paragraph 11 of the Counterclaims.

12.     The Plaintiffs deny the allegations contained in paragraph 12 of the Counterclaims.

13.     The Plaintiffs deny the allegations contained in paragraph 13 of the Counterclaims.

14.     The Plaintiffs deny the allegations contained in paragraph 14 of the Counterclaims.

15.     The Plaintiffs deny the allegations contained in paragraph 15 of the Counterclaims.

16.     The Plaintiffs deny having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 16 of the Counterclaims.

17.     The allegations contained in paragraph 17 of the Counterclaims constitute legal conclusions as to which no response is required.  To the extent a response is required, the Plaintiffs deny the allegations contained in paragraph 17.

18.     The Plaintiffs deny the allegations contained in paragraph 18 of the Counterclaims.

19.     The Plaintiffs deny the allegations contained in paragraph 19 of the Counterclaims.

20.     The Plaintiffs deny the allegations contained in paragraph 20 of the Counterclaims.

21.     The Plaintiffs deny the allegations contained in paragraph 21 of the Counterclaims.

22.     The Plaintiffs deny the allegations contained in paragraph 22 of the Counterclaims.

23.     The Plaintiffs deny the allegations contained in paragraph 23 of the Counterclaims.

24.     The Plaintiffs deny the allegations contained in paragraph 24 of the Counterclaims.

25.     The Plaintiffs deny the allegations contained in paragraph 25 of the Counterclaims.

26.     The Plaintiffs deny the allegations contained in paragraph 26 of the Counterclaims except admit that D'Angelo represented to Defendants that he has owned a successful physical therapy practice.

27.     The Plaintiffs deny the allegations contained in paragraph 27 of the Counterclaims.

28.     The Plaintiffs deny the allegations contained in paragraph 28 of the Counterclaims.

### **DEFENDANTS' AFFIRMATIVE DEFENSES**

29.     The allegations contained in paragraphs 29 through 54 of the Counterclaims, characterized as "Affirmative Defenses," constitute legal conclusions as to which no response is

required.   To the extent a response is required, the Plaintiffs deny the allegations contained in paragraphs 29 through 54 of the Counterclaims.

## COUNT I

### [FRAUD AND MISPREPRESENTATION AGAINST ALL DEFENDANTS
**New York Common Law – *New York Univ. v. Continental Ins. Co.*, 87 N.Y.2d 308, 662 N.E.2d 763, 639 N.Y.S.2d 283 (1995]**

55.     The Plaintiffs repeat and reallege their responses to the allegations in paragraphs 1 through 54 of the Counterclaims as if fully set forth herein.

56.     The Plaintiffs deny allegations contained in paragraph 56 of the Counterclaims.

## COUNT II

### [BREACH OF CONTRACT – PLAINTIFF BREACHED
### NON-DISCLOSURE AGREEMENT]

57.     The Plaintiffs repeat and reallege their responses to the allegations in paragraphs 1 through 56 of the Counterclaims as if fully set forth herein.

58.     The Plaintiffs deny the allegations contained in paragraph 58 of the Counterclaims.

59.     The Plaintiffs deny the allegations contained in paragraph 59 of the Counterclaims.

60.     The Plaintiffs deny the allegations contained in paragraph 60 of the Counterclaims.

61.     The Plaintiffs deny the allegations contained in paragraph 61 of the Counterclaims.

## COUNT III

### [BREACH OF CONTRACT – PLAINTIFF BREACHED
### STOCK SUBSCRIPTION AGREEMENT – 2011 PRIVATE PLACEMENT]

62.     The Plaintiffs repeat and reallege their responses to the allegations in paragraphs 1 through 61 of the Counterclaims as if fully set forth herein.

63.     The Plaintiffs repeat and reallege their responses to the allegations in paragraphs 1 through 62 of the Counterclaims as if fully set forth herein.

64. This allegation purports to characterize documents that speak for themselves to which the Court and Defendants are respectfully referred. To the extent that a response is required, Plaintiffs admit that documents entitled "Stock Subscription Agreement" were signed.

65. The Plaintiffs deny the allegations contained in paragraph 65 of the Counterclaims.

66. The Plaintiffs deny the allegations contained in paragraph 66 of the Counterclaims.

67. The Plaintiffs deny the allegations contained in paragraph 67 of the Counterclaims.

## <u>COUNT IV</u>

**[REQUEST FOR DECLARATORY JUDGMENT AGAINST PLAINTIFF— Pursuant to Federal Declaratory Judgment Act, 28 U.S.C. § 2201, et seq., a Declaratory Judgement [*sic*] that Plaintiff is liable to Defendant JDS for Contractual Indemnification per Paragraph 12 in JDS Stock Subscription Agreement – 2011 Private Placement]**

68. The Plaintiffs repeat and reallege their responses to the allegations in paragraphs 1 through 67 of the Counterclaims as if fully set forth herein.

69. The Plaintiffs deny the allegations contained in paragraph 69 of the Counterclaims except admit that their Complaint asserts claims against the Defendants for violations of the Federal Securities Exchange Act and Sections 10(b) and Rule 10b-5 thereunder.

70. The Plaintiffs deny the allegations contained in paragraph 70 of the Counterclaims and refer the Court to the Complaint for a true and accurate recitation of its terms.

71. The Plaintiffs deny the allegations contained in paragraph 71 of the Counterclaims and refer the Court to the Complaint for a true and accurate recitation of its terms.

72. The Plaintiffs deny the allegations contained in paragraph 72 of the Counterclaims and refer the Court to the Complaint for a true and accurate recitation of its terms.

73. The Plaintiffs deny the allegations contained in paragraph 73 of the Counterclaims.

## REQUEST FOR RELIEF

The Plaintiffs deny that the Defendants are entitled to any relief sought in the WHEREFORE Clause of the Counterclaims and further deny that the Defendants are entitled to any relief whatsoever.

## AFFIRMATIVE DEFENSES

Without assuming the burden of proof where such burden properly rests with the Defendants and without waiving, and expressly reserving, the right to assert any and all such defenses at such time and to such extent discovery and factual or legal developments may establish a basis therefor, the Plaintiffs hereby assert the following, as and for separate and additional defenses to the Counterclaims:

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

The Counterclaims fail to state a claim upon which relief may be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

The Counterclaims are barred by documentary evidence.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

The Defendants' Counterclaims against the Plaintiffs are barred by lack of standing.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

The Defendants' Counterclaims are barred by the doctrine of unclean hands.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

The Defendants' Counterclaims are barred by the doctrines of waiver, estoppel, payment, accord and satisfaction and/or laches.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

The Defendants' Counterclaims are barred, in whole or in part, because they have not suffered any damages, injury, or harm as a result of any action or conduct by the Plaintiffs, and to the extent they did, the Defendants failed to mitigate their damages.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

The Defendants' Counterclaims are asserted in bad faith.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

The Defendants' Counterclaims are barred, in whole or in part, by the statute of limitations.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

The Defendants' Counterclaims are barred, in whole or in part, because of the Defendants' fraudulent and other intentionally tortious conduct.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

The damages Defendants allege were caused by or contributed to by the culpable conduct of others over whom the Plaintiffs lacked control.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

Some or all of the damages Defendants claim were brought about or contributed to by reason of the Defendants' own actions, and the Defendants' damages, if any, must be diminished accordingly.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

The Defendants have failed to join necessary parties.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

The Defendants have acted in a dishonest and fraudulent manner with respect to the disputes at issue in this case.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

This Court lacks subject matter jurisdiction over the Defendants' Counterclaims.

### AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

The Defendants have previously settled, waived and/or released their claims against the Plaintiffs.

### AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

The Defendants' Counterclaims are barred by their failure to timely and properly satisfy the notice requirements of the subject contracts.

### AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

The Plaintiffs reserve their right to amend their Reply to Counterclaims and to assert additional defenses and/or supplement, alter or change their Reply to Counterclaims and affirmative defenses upon the revelation of more definite facts and/or upon the completion of further discovery and investigation.

**WHEREFORE**, the Plaintiffs respectfully request judgment against the Defendants as follows:

a.    Dismissing the Counterclaims in their entirety with prejudice;

b.    Awarding the Plaintiffs their reasonable attorneys' fees, costs, and disbursements for defending against the Counterclaims; and

c.    Such other and further relief as the Court deems just and proper.


Dated: May 2, 2023
         White Plains, New York


CERMELE & WOOD, LLP


By:    */s/ Benjamin Rattner*
         Benjamin Rattner
         Patrick J. Rohan
         *Attorneys for the Plaintiffs*
         2 Westchester Park Drive, Suite 110

White Plains, New York 10604
ben@cw.legal
patrick@cw.legal